Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of THOMAS SULLIVAN, Respondent,
for Compensation under the Workmen's Compensation Law,
v. WILLIAM PRESTON and GEORGE PRESTON, Employers, and
THE FIDELITY AND CASUALTY COMPANY OF NEW YORK,
Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — question as to whether general con-
tractor or sub-contractor was "employer" — when findings of State
Industrial Commission should not be disturbed on appeal.

Where the question arises as to whether a claimant was employed by per-
sons having a general contract to clear a tract of land of wood, or by
other persons claimed to be sub-contractors, a finding of the State

Industrial Commission based upon some evidence that the general con-
tractors were the employers, within the meaning of the statute, should
not be disturbed on appeal.

APPEAL by the defendants, William Preston and others,
from an award of the State Industrial Commission, entered
in the office of said Commission on the 11th day of September,
1916.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel],
for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken,
Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,*
counsel to State Industrial Commission, for the respondents.

*Francis Barry Cantwell,* for the claimant.

WOODWARD, J.:

The claimant was injured while working on a lumber job
at Indian Pass, North Elba, N. Y., and the question on this
appeal arises as to the employer — whether the claimant was
working for Preston Brothers, who had a contract with the
J. & J. Rogers Company to clear a tract of pulp wood, or
whether he was in the employ of Musgrave & Woods, who are
claimed to have been subcontractors and the employers of the
claimant. The State Industrial Commission has made an
award for forty-eight and one-half weeks at fifteen dollars per
week and continued the claim for further hearing. The insur-
ance carrier and Preston Brothers appeal from the award, and
urge the single point that the claimant was not the employee
of Preston Brothers.

It must be conceded that the evidence is not conclusive as to
the relationship existing between Preston Brothers and the
claimant, but the State Industrial Commission, which is
authorized to make conclusive findings of fact in reference to
claims of this character, has held that the Preston Brothers
were the employers within the meaning of the statute, and, as
there is some evidence upon which this finding may rest, we
are not authorized to disturb the same. Preston Brothers
had the general contract, and, while there appears to be a
custom of subdividing the track to be cleared among small

groups of men, it is evident from the record before us that these subdivisions into groups do not amount to the creation of subcontractors in the sense that it relieves the general contractors from the liability of affording compensation to those who are injured in the work. Preston Brothers were the only ones who had taken out insurance, indicating their understanding of the liabilities incurred, and we are of the opinion that this award should not be disturbed.

The award should be affirmed.

Award unanimously affirmed.